IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARK WATKINS,

        Petitioner,

v.                                                 Civil Action No. 2:13cv67
                                                  (BAILEY)

RUSSELL PERDUE, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On September 26, 2013, the *pro se* petitioner, Mark Watkins, filed an application for Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 On September 27, 2014, he paid the $5.00 filing fee in lieu of submitting an application to proceed *in forma pauperis*. ECF No. 4 On August 5, 2014, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an order to show cause was entered against the respondent. ECF No. 8 On September 29, 2014, the respondent filed a response and Motion to Dismiss or for Summary Judgment. ECF No. 13 A Roseboro Notice was issued on October 19, 2014. ECF No. 15 On October 23, 2014, the petitioner filed his response. ECF No. 19 The petitioner supplemented his response on December 24, 2014. ECF No. 22 This matter is now before the undersigned for a report and recommendation pursuant to LR PL P 2.

### II. Facts[1]

---

[1] Because this case is so old, documents are not available on CM/ECF. Although the Clerk of Court had retrieved the case file, the petitioner's co-defendant has filed an appeal of

1

## A. Conviction and Sentence

On May 12, 1994, a Grand Jury sitting in the United States District Court for the Northern District of West Virginia returned an indictment against the petitioner and two other defendants. The petitioner was named in the first five counts of the indictment. Count One charged the petitioner with conspiracy to knowingly and intentionally possess with intent to distribute and to distribute cocaine, also known as "coke," a Schedule II, narcotic drug-controlled substance in violation of Title 21, U.S.C. § 841(a)(1). Count Two charged the petitioner with killing Debra Pugh with the intent to prevent the communication by Debra Pugh to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offenses of drug conspiracy, drug distribution and extortion committed and possibly committed by him in violation of 18 U.S.C. §2(a), §2(b), §1512(a)(1)(C) and §1512(a)(2)(A). Count Three charged the petitioner with interstate travel in aid of a racketeering enterprise in violation of 18 U.S.C. §1952(a)(2) and (3). Count Four charged the petitioner with conspiracy to commit offenses against the United States as more particularly described in Counts Two and Three in violation of Title 18 U.S.C. § 371. Finally, Count Five charged the petitioner with conspiring to injure, oppress, threaten and intimidate Debra Pugh in the free exercise and enjoyment of her right secured and protected by the Constitution of the United States to provide information to federal authorities and to be a witness in a federal proceeding relating to her knowledge of the commission and possible commission of federal offenses relating to drug

---

the denial of his § 2255 motion. Accordingly, the file was transferred to the Fourth Circuit. To the extent that the petitioner and respondent did not provide exhibits, the undersigned has relied on the sentencing judges internal files, documents available on Westlaw, and portions of the official file which were copied before being sent to the Fourth Circuit.

conspiracy, drug distribution and extortion committed by him in violation of 18 U.S.C. § 241. ECF No. 1-3

On February 17, 1995, following nine days of trial proceedings, the petitioner was found guilty of all five counts. On May 24, 1995, the petitioner was sentenced to life imprisonment on each of Counts 2 and 5 (concurrent); two hundred forty (240) months on Count 1 (concurrent with sentence on Counts 2 & 5) and sixty (60) months on each of Counts 3 & 4 (concurrent with each other and sentence on Counts 1, 2 & 5).

## B. Direct Appeal

The petitioner filed an appeal with the Fourth Circuit raising thirteen assignments of error.[2] The petitioner's ninth ground of appeal, and the only one the Fourth Circuit found had merit was that the District Court erred when it failed to order the government to elect between Counts Four and Five. As previously noted, Count Four charged the petitioner with conspiracy to kill an informant in violation of 18 U.S.C. § 371. As this Count constituted the conspiracy to commit the offense charged in Count Two, the elements of the conspiracy which must be proved were set forth in 18 U.S.C. § 1512(a). Count Five charged the petitioner with conspiracy to violate the civil rights of the victim in violation of 18 U.S.C. § 241. The Fourth Circuit noted that to prove the elements of Count Four, the government must show that the petitioner engaged in a conspiracy to kill the victim with the intent to prevent her from communicating to a law enforcement officer of the United States information related to the commission of federal crimes. To prove the elements of Count

---

[2]The appeal was in fact jointly filed by petitioner and his codefendant, Delmar Walton. However, the undersigned has used just "the petitioner" in discussing the decision issued by the Fourth Circuit.

3

Five, the government must show that the defendants conspired to injure, threaten, and intimidate the victim in the exercise of rights guaranteed her under the Constitution to provide information concerning federal offenses. The Fourth Circuit went on to note that the Double Jeopardy Clause of the Constitution prohibits cumulative punishments for the same offense. The Fourth Circuits concluded, while Count Four required proof that the victim intended to go to a federal law enforcement officer, Count Five only required proof that the victim intended to go to some law enforcement officer. Because only one statute required proof of an additional fact, the Fourth Circuit concluded that the petitioner, who received concurrent life terms on both counts Two and Five, was subject to multiple punishments for the same offense. Therefore, the Fourth Circuit determined that the District Court erred when it failed to order the government to elect between counts. Accordingly, the Fourth Circuit remanded the case to the District Court on that ground of appeal, with instructions to vacate the petitioner's conviction and sentence on Count Five. However, because the petitioner received concurrent life terms on Counts Four[3] and Five, resentencing was not necessary.

### C. Motion To Vacate

On July 10, 1997, the petitioner filed a motion pursuant to 28 U.S.C. § 2255. As grounds for relief, the petitioner raised the issue of the racial composition of the grand jury. In addition, the petitioner alleged that the indictment failed to allege overt acts of drug dealings and that the instructions on conspiracies were ambiguous. He also alleged that Counts One, Three and Four were lesser included offenses of Count Two. Finally, he

---

[3] The undersigned believes that the Fourth Circuit intended to say Count Two, not Four.

alleged newly discovered evidence of alibi in the form of an affidavit from Sheila Jasenec and that the government withheld evidence that Dr. Sopher filed questionable autopsy reports in an unrelated case. On February 3, 1998, John W. Fisher, United States Magistrate Judge, filed a report and recommendation in which he recommended that the petitioner be denied the relief sought in his petition. On February 3, 1999, the Court adopted the recommendations of the Magistrate Judge, and entered an order denying petitioner's motion for relief pursuant to § 2255.

### D. 2244 Motion

On November 20, 2012, the petitioner filed a motion with the Fourth Circuit Court of Appeals, seeking permission to file a successive habeas application. Relying on the Supreme Courts ruling in <u>Skilling v. United States</u>, 130 S.Ct. 2896 (2010), the petitioner argued that the jury instructions at his trial established that his conviction was based upon conduct for which the jury failed to find a guilty verdict beyond a reasonable doubt. On November 30, 2012, the Fourth Circuit denied the petitioner's § 2244 motion.

### III. **Petitioner's Argument**

In his pending habeas petition under § 2241, the petitioner is attacking both his conviction and sentence. The petitioner relies on the decision in <u>Fowler v. United States</u>, 131 S.Ct. 2045 (2011)[4] to argue that there is insufficient evidence to convict him under § 1512(a)(1)(C). The petitioner also maintains that he is actually innocent. For relief, the

---

[4]In <u>Fowler</u>, the defendant was convicted of murder with the "intent to prevent the communication of a federal law enforcement officer about the possible commission of a federal offense." 131 S.Ct. 2045 (2011). The Court held that the government must show a "reasonable likelihood that...at least one relevant communication would have been made to a federal law enforcement officer," and the defendant had prevented that communication." 131 S.Ct. 2050.

5

petitioner requests that the court vacate his conviction on Count Two and leave the remaining conviction and sentences in place.

## IV. Respondent's Argument

Respondent maintains that the petitioner cannot receive relief pursuant to 28 U.S.C. § 2241 because his motion more properly arises under § 2255, and the petitioner cannot demonstrate that § 2255 provides an inadequate and ineffective remedy. In addition, the respondent argues that the petitioner has not demonstrated that he is actually innocent of his crime of conviction.

## V. Petitioner's Reply

In his reply, relying on Fowler, Petitioner continues to argue that the Court improperly instructed the jury and relieved the Government of establishing a Federal Nexus. In addition, Petitioner alleges that he is actually innocent because he was not present in the State of West Virginia at the time of Pugh's death. Finally, Petitioner alleges that the Court allowed the government to put a recorded liar on the stand by using Dr. Irvin Sopher, M.D., the Chief Medical Examiner. Petitioner maintains that the government knew that Dr. Sopher was charged with falsifying autopsy reports in state court and was pending trial where he was found guilty.[5]

With permission, Petitioner amended his reply to note that the Middle District of Pennsylvania applied Fowler to a § 2241 and granted the petitioner a new trial. See United States V. Tyler, 732 F.3d 241 (3rd Cir. 2013).

## V. Standard of Review

---

[5] As noted above, Petitioner unsuccessfully raised this issue in his § 2255 motion filed on July 10, 1997.

## A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or]

7

her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## B. Motion for Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991).

Summary judgment is appropriate where the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c)(1)(A), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, a court reviews all evidence "in the light most favorable" to the nonmoving party. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). It must limit its inquiry solely to a determination of whether genuine issues of triable fact exist. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

8

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986)

### V. **Analaysis**

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

>An application for a writ of habeas corpus in behalf of a prisoner

9

> who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the petitioner asserts that he is actually innocent of violating 18 U.S.C. §§ 1512(a)(1)(C). However, to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[6] This the petitioner has not, and cannot, do. Even if the petitioner satisfied the

---

[6] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ( "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through

first and the third elements of Jones, the crimes for which the petitioner was convicted remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

The undersigned recognizes that the Third Circuit has applied Fowler to a § 2241 petition and ordered a new trial. See U.S. v. Tyler, 732 F.3d 241 (2013). However, Third Circuit law is not binding on this Court. Furthermore, at almost the same time as the Tyler decision was issued, the Fourth Circuit issued its decision in U.S. v. Smith, 723 F.3d 510 (4th Cir. July 23, 2013). In that decision, the Court ruled that Fowler is retroactively applicable to cases on collateral review. Therefore, Petitioner's appropriate remedy was to seek permission from the Fourth Circuit to file a second or successive motion under § 2255. This Court cannot construe the instant petition as a § 2255 motion, because Petitioner has previously filed a § 2255 which was decided on the merits. A second or successive motion must be certified by a panel of the appropriate court of appeal. 28 U.S.C. § 2255(h).

## VI. RECOMMENDATION

Based on the foregoing reasoning, the undersigned recommends that the respondent's Motion to Dismiss, or for Summary Judgment (Doc. No. 13) be **GRANTED**,

---

which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

and the petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address on the docket sheet, and to counsel of record, as applicable.

DATED: July 29, 2015

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE